NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM BACKHAUT; KENNETH MORRIS, individually and on behalf of themselves and all others similarly situated, Plaintiffs-Appellants, v. APPLE INC., Defendant-Appellee. | No.    15-17523 D.C. No. 5:14-cv-02285-LHK MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

Before:  GOULD and MURGUIA, Circuit Judges, and GRITZNER,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Apple, Inc. ("Apple") provides a text messaging service known as "iMessage." [1] This service routes text messages between Apple devices through Apple's servers free of charge, rather than using the traditional Short Message Service or Multimedia Messaging Service ("SMS/MMS") protocols, which are routed through a user's wireless carrier and may have fees attached to their use. However, iMessage cannot be used to transmit messages to non-Apple devices. Apple's method of determining whether someone has stopped using an Apple device has not proved infallible, so Apple has sometimes tried to deliver a text message via iMessage to a person who had transferred his or her phone number from an Apple device to a non-Apple device. When this has happened, the text message could not be delivered and was instead stored on Apple's servers for thirty days while Apple, under its routine and automatic procedures, tried to transmit the message via iMessage with no success because the person messaged was no longer using an Apple product.

Plaintiffs Adam Backhaut and Kenneth Morris were sent text messages by users of Apple devices after Plaintiffs had switched to using non-Apple phones. Apple routed these messages via iMessage, and as a consequence Plaintiffs never received those messages. Plaintiffs brought suit on behalf of themselves and a

---

[1] To the extent that this disposition references information that has been filed under seal, we hereby unseal that information for purposes of this disposition.

putative class under Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("the Wiretap Act"), 18 U.S.C. § 2510 *et seq.*, and state law. The district court denied class certification and granted summary judgment to Apple. Plaintiffs appeal both rulings, arguing that the district court erred in granting summary judgment on the Wiretap Act claims and that class certification was improperly denied.

The Wiretap Act imposes liability on any person, with some exceptions, who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(a).

*Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002), is instructive here. There we were confronted with circumstances where the plaintiff's employer had logged on to the plaintiff's website, on which the plaintiff posted bulletins critical of his employer. *Id.* at 872–73. We there concluded, based on statutory language and legislative history, that Congress had intended only for electronic communications that were in transmission to be covered by the Wiretap Act. *Id.* at 878–79. On this basis we squarely held: "for a website such as Konop's to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." *Id.* at 878. We held that there was no interception there, as Konop's employer had accessed his website

3

while it was in storage. *Id.* at 879.

Similarly, here there was no interception. The initial misclassification of a text message to be sent via iMessage, when that was no longer possible, to a person who was no longer using an Apple device was not an interception within the meaning of the Wiretap Act, as the district court reasoned. The misclassification occurred when the recipient's phone number was first entered in the "To" field by the user of the Apple product trying to send a message. This misclassification occurred before any message was sent, not "during transmission" of a message. *See id.* at 878. Indeed, a user may enter a number and then change his or her mind about sending a message at all. Further, a user can override the classification of a text message as an iMessage by manually directing the user's phone or other Apple product to send the text via SMS/MMS instead.

Nor was there an interception simply because a message was initially misclassified and sent via iMessage. Apple gave users the option to elect to have an iMessage text sent via SMS/MMS if the text was not delivered after five minutes. If a user selected that option, then a message initially misclassified as an iMessage would still successfully be delivered, and Plaintiffs have conceded in their briefing that in those circumstances there would be no interception.

Finally, we reject the argument that an interception occurred when a message became trapped in Apple's iMessage servers. At that point, the message

4

was no longer in transmission—it was in temporary storage—and so under *Konop* could not be "intercepted" within the meaning of the Wiretap Act. *See id.* at 878–79. Absent any interception, there is no Wiretap Act liability. *See* 18 U.S.C. § 2511(a). We hold that the district court properly granted summary judgment on the Wiretap Act claims.

Because we hold that summary judgment was properly granted on this theory, we need not reach the questions of whether the summary judgment should be sustained because Apple's conduct occurred in the ordinary course of business or because Apple only had encrypted versions of the text messages. Where summary judgment is properly given against the claims of the named plaintiffs, there can be no class action, so we also need not reach the question of whether the district court properly denied class certification. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1039 (9th Cir. 1999).

**AFFIRMED.**